UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS GIRBES-PIERCE,<br><br>     Plaintiff,<br><br>    v.<br><br>CITY OF NEW YORK,<br>P.O. CRAIG SIKORSKI,<br>LT. IAN RULE,<br>P.O. JOHN DOES 1-5,<br><br>     Defendants. | **ECF CASE**<br><br>**Case No. 16-CV-7510**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

   COMES NOW THE PLAINTIFF Thomas Girbes-Pierce, by his attorney, Steven M. Warshawsky, for his complaint against the defendants, City of New York, P.O. Craig Sikorski, Lt. Ian Rule, and P.O. John Does 1-5, and alleging upon personal knowledge and information and belief as follows:

### NATURE OF THE ACTION

   1. This is a civil rights action brought under 42 U.S.C. § 1983 and New York State law arising from the plaintiff's arrest on September 2, 2015, by officers of the New York City Police Department.  The defendants subjected the plaintiff to excessive force, false arrest, and other abuses of police authority, without probable cause or other legal justification. Because the defendants knowingly and intentionally violated the plaintiff's clearly established rights, they are not entitled to qualified immunity.  By this action, the plaintiff is demanding compensatory damages for the harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in

1

similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

## PARTIES

2. Plaintiff **Thomas Girbes-Pierce** is an adult citizen of New York and resides in New York, New York. Mr. Girbes-Pierce is a white male and was 29 years old at the time of the events in this case. He does not have any prior arrests or convictions.

3. Defendant **City of New York** is a municipality of the State of New York. The NYC Corporation Counsel is Zachary Carter. The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007. The New York City Police Department is an agency or instrumentality of the City of New York. The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4. Defendant **P.O. Craig Sikorski** (Shield No. 962) is a police officer employed by the New York City Police Department. Upon information and belief, his place of business is the NYPD 6th Precinct located at 233 West 10th Street, New York, New York, 10014; (212) 741-4811. P.O. Sikorski personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. Sikorski was acting under color of state law and within the scope of his employment with the NYPD. P.O. Sikorski is being sued in his individual capacity under 42 U.S.C. § 1983 and New York State law.

5. Defendant **Lt. Ian Rule** (Shield No. unknown) is a police lieutenant employed by the New York City Police Department. Upon information and belief, his place of business is the NYPD 6th Precinct located at 233 West 10th Street, New

York, New York, 10014; (212) 741-4811.  Lt. Rule personally participated in the unlawful conduct alleged herein.  At all relevant times, Lt. Rule was acting under color of state law and within the scope of his employment with the NYPD.  Lt. Rule is being sued in his individual capacity under 42 U.S.C. § 1983 and New York State law.

6. Defendants **P.O. John Does 1-5** (Shield Nos. unknown) are police officers employed by the New York City Police Department.  Upon information and belief, their place of business is the NYPD 6th Precinct located at 233 West 10th Street, New York, New York, 10014; (212) 741-4811.  P.O. John Does 1-5 personally participated in the unlawful conduct alleged herein.  At all relevant times, P.O. John Does 1-5 were acting under color of state law and within the scope of their employment with the NYPD.  P.O. John Does 1-5 are being sued in their individual capacity under 42 U.S.C. § 1983 and New York State law.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

8. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims arise from a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10. There are no administrative prerequisites for bringing the present civil action under 42 U.S.C. § 1983.

11. The plaintiff has satisfied all administrative prerequisites for bringing the present civil action under New York law. On or about November 3, 2015, within 90 days of this arrest, the plaintiff served a valid notice of claim on the New York City Comptroller's Office. On or about February 8, 2016, the plaintiff served a valid supplemental notice of claim on the New York City Comptroller's Office. A 50-h hearing was conducted by the City on April 12, 2016. This civil action is being filed within one year and 90 days of the plaintiff's arrest.

## FACTUAL ALLEGATIONS

12. The arrest at issue in this action occurred in the early morning hours of Wednesday, September 2, 2015, on 13th Street between Ninth Avenue and Washington Street in the "meatpacking district" of lower Manhattan.

13. Mr. Girbes-Pierce spent the evening of September 1, 2015, in the company of friends. He ate dinner with friends at a Manhattan restaurant. After dinner, around midnight, Mr. Girbes-Pierce and three of his friends (one man and two women) went to a lounge at The Standard Hotel, located at 848 Washington Street (at 13th Street) in Manhattan. After socializing for approximately two hours, Mr. Girbes-Pierce and his friends decided to go to a nearby diner for a bite to eat. They left together and began walking down 13th Street towards Ninth Avenue.

14. The weather was warm and clear. The street was well-lighted. There were numerous pedestrians in the neighborhood. Mr. Girbes-Pierce did not observe any disruptive, disorderly, or criminal activity occurring in the area.

15. Mr. Girbes-Pierce was dressed in a black t-shirt and jeans and wearing an expensive Rolex watch. Neither he nor his friends were drunk or under the influence of illegal drugs. They were not conversing in a loud, abusive, or obscene manner. They were not acting in a violent, tumultuous, or threatening manner. They were not blocking or obstructing pedestrian or vehicular traffic.

16. Outside The Standard Hotel, Mr. Girbes-Pierce asked a man who was smoking on the sidewalk for a cigarette. The man gave him a cigarette and lit it with his lighter. As a courtesy, Mr. Girbes-Pierce handed him a dollar bill in return.

17. The four friends continued walking down the sidewalk toward Ninth Avenue, the two women in front and the two men in back. Suddenly and without warning, Mr. Girbes-Pierce was attacked from behind. He was struck multiple times, tackled to the ground, dragged up a short set of stairs outside a clothing store, and pinned to the ground. He did not fight back; instead, he tried to curl up in a defensive ball and cover his head and face with his arms. This all happened in a blur. Mr. Girbes-Pierce believes he was attacked by three or four men.

18. The clothing store on 13th Street was brightly lit from inside, and there were numerous pedestrians on the street. Mr. Girbes-Pierce saw that the attackers were wearing street clothes, and he thought they were muggers who wanted to steal his Rolex watch, so he yelled out for someone to call the police. When the attackers sprayed mace in his face and handcuffed him, Mr. Girbes-Pierce realized they were plainclothes police officers.

19. The force used against Mr. Girbes-Pierce by the police officers was unreasonable, offensive, harmful, and legally unjustified.

20. Upon information and belief, the persons who attacked Mr. Girbes-Pierce were P.O. Sikorski and Lt. Rule and one or more of P.O. John Does 1-5. To

5

the extent that P.O. Sikorski, Lt. Rule, and P.O. John Does 1-5 were on the scene, but not attacking Mr. Girbes-Pierce, they failed to intervene to stop the other defendants from attacking Mr. Girbes-Pierce and violating his rights.

21.     Mr. Girbes-Pierce was in shock, frightened, anxious, disoriented, and crying. His entire body was in pain. He kept screaming, "What did I do? What did I do?" He and his friends asked the officers what was happening, but the officers ignored them. The officers did not tell Mr. Girbes-Pierce why he was being arrested.

22.     After a few minutes, several uniformed police officers arrived on the scene and Mr. Girbes-Pierce was placed into a marked police car. He was transported to the 6th Precinct.

23.     Mr. Girbes-Pierce was arrested without probable cause or other legal justification. Upon information and belief, the arresting officer was P.O. Sikorski. Upon information and belief, the NYPD supervisor on the scene who approved the arrest was Lt. Rule. To the extent that P.O. Sikorski and Lt. Rule were on the scene, but were not responsible for arresting Mr. Girbes-Pierce, they failed to intervene to stop the other defendants from arresting Mr. Girbes-Pierce and violating his rights.

24.     At the 6th Precinct, Mr. Girbes-Pierce was examined briefly by EMTs, patted down, fingerprinted and photographed, and placed into a holding cell. Around 7:00am he was taken to Lenox Hill HealthPlex, where he received a cursory medical examination and given acetaminophen. He was released back into police custody and returned to the 6th Precinct.

25.     While at the precinct, Mr. Girbes-Pierce was teased and taunted by several police officers, who made insulting comments to him and called him "pansy,"

"princess," and other derogatory names.  The officers said he "would like it downtown" because he would "be in a room with all men."

26.     While at the precinct, Mr. Girbes-Pierce was given varying explanations for his arrest, including possession of a controlled substance, assaulting a police officer, resisting arrest, and obstructing governmental administration.

27.     After a few more hours at the precinct, Mr. Girbes-Pierce was transported to Central Booking in Manhattan.  He was arraigned on September 2, 2015, around 9:00pm.  He pleaded not guilty and was released on his own recognizance.

28.     Mr. Girbes-Pierce was in police custody for approximately 19 hours.

29.     Mr. Girbes-Pierce was charged with obstructing governmental administration (P.L. 195.05).  The criminal complaint was sworn to by P.O. Sikorski.

30.     In the criminal complaint, P.O. Sikorski alleged that he observed another person "hand the defendant [Mr. Girbes-Pierce] an object, which I believed to be white, in exchange for currency."  Presumably this statement referred to Mr. Girbes-Pierce bumming a cigarette from a pedestrian outside of The Standard Hotel.  This conduct neither was illegal nor raised a reasonable suspicion of illegal activity.  P.O. Sikorski further alleged that he and Lt. Rule "attempted to stop the defendant to speak to him about the above-described conduct."  This did not happen; this statement was knowingly false and perjured.  P.O. Sikorski further alleged that "defendant pushed the lieutenant's arm away" and "shove[d] the lieutenant twice." This did not happen; this statement was knowingly false and perjured. P.O. Sikorski further alleged that "defendant ran away, at which point I stopped

him, and I observed the defendant swing multiple times at me." This did not happen; this statement was knowingly false and perjured.

31. The criminal complaint against Mr. Girbes-Pierce was fabricated by P.O. Sikorski, Lt Rule, and one or more P.O. John Does 1-5, to cover up their wrongdoing in attacking and arresting Mr. Girbes-Pierce.

32. Following his arraignment, Mr. Girbes-Pierce was required to return to criminal court on at least two occasions. He hired a private criminal defense attorney to defend him against the false charge. His attorney filed a motion to dismiss the complaint, which was granted by the criminal court on January 5, 2016, on grounds that the allegations in the complaint were legally insufficient.

33. Mr. Girbes-Pierce experienced serious physical pain and suffering caused by the defendants' unlawful conduct. His body was battered and bruised by the police officers, and he believes he suffered a mild concussion from having his head knocked on the ground. He was unable to work for approximately three weeks after his arrest. He continues to experience aches and pains in his neck and back from these events, and he is unable to engage in the same athletic and recreational activities that he enjoyed before the incident.

34. Mr. Girbes-Pierce experienced serious emotional pain and suffering caused by the defendants' unlawful conduct, including feelings of anxiety, depression, and lack of personal safety. For many months he was treated by a psychologist, which helped relieve his symptoms, but he continues to experience emotional flashbacks and nervousness while walking around Manhattan.

35. As a result of being unable to work after his arrest, Mr. Girbes-Pierce, who runs an entertainment marketing business, lost business opportunities and

suffered $150,000 in lost income due to his inability to organize and manage an event at Art Basel in Miami in December 2015.

## CLAIMS AGAINST CITY OF NEW YORK

36.     The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

37.     No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST P.O. CRAIG SIKORSKI

38.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, P.O. Sikorski is liable to the plaintiff under federal and state law, as follows:

39.     Count One:  excessive force, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

40.     Count Two:  battery, in violation of New York state law.  The City of New York is vicariously liable for this violation.

41.     Count Three:  failure to intervene to prevent other police officers from committing excessive force on the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

42.     Count Four:  failure to intervene to prevent other police officers from committing battery on the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

43.     Count Five:  false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

44.     Count Six:  false arrest, in violation of New York state law.  The City of New York is vicariously liable for this violation.

45.     Count Seven:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

46.     Count Eight:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

47.     P.O. Sikorski is not entitled to qualified immunity for any of these violations.  In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to P.O. Sikorski.  In each instance, it was not reasonable for P.O. Sikorski to believe his actions did not violate the plaintiff's federal and state law rights.

48.     In each instance, P.O. Sikorski acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

49.     As a result of P.O. Sikorski's unlawful conduct, Mr. Girbes-Pierce suffered loss of liberty, physical pain and suffering (past, present, and future), emotional pain and suffering (past, present, and future), lost income, medical expenses, and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

50.     Mr. Girbes-Pierce is entitled to an award of punitive damages to punish P.O. Sikorski for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

**CLAIMS AGAINST LT. IAN RULE**

51. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, Lt. Rule is liable to the plaintiff under federal and state law, as follows:

52. Count Nine:  excessive force, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

53. Count Ten:  battery, in violation of New York state law.  The City of New York is vicariously liable for this violation.

54. Count Eleven:  failure to intervene to prevent other police officers from committing excessive force on the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

55. Count Twelve:  failure to intervene to prevent other police officers from committing battery on the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

56. Count Thirteen:  false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

57. Count Fourteen:  false arrest, in violation of New York state law.  The City of New York is vicariously liable for this violation.

58. Count Fifteen:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

59. Count Sixteen:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

60. Lt. Rule is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Lt. Rule. In each instance, it was not reasonable for Lt. Rule to believe his actions did not violate the plaintiff's federal and state law rights.

61. In each instance, Lt. Rule acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

62. As a result of Lt. Rule's unlawful conduct, Mr. Girbes-Pierce suffered loss of liberty, physical pain and suffering (past, present, and future), emotional pain and suffering (past, present, and future), lost income, medical expenses, and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

63. Mr. Girbes-Pierce is entitled to an award of punitive damages to punish Lt. Rule for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## **CLAIMS AGAINST P.O. JOHN DOES 1-5**

64. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendants P.O. John Does 1-5 are liable to the plaintiff under federal and state law, as follows:

65. Count Seventeen: excessive force, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

66. Count Eighteen: battery, in violation of New York state law. The City of New York is vicariously liable for this violation.

67. Count Nineteen:  failure to intervene to prevent other police officers from committing excessive force on the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

68. Count Twenty:  failure to intervene to prevent other police officers from committing battery on the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

69. Count Twenty-One: false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

70. Count Twenty-Two:  false arrest, in violation of New York state law. The City of New York is vicariously liable for this violation.

71. Count Twenty-Three:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

72. Count Twenty-Four:  failure to intervene to prevent other police officers from arresting the plaintiff, in violation of New York state law.  The City of New York is vicariously liable for this violation.

73. P.O. John Does 1-5 are not entitled to qualified immunity for any of these violations.  In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to P.O. John Does 1-5.  In each instance, it was not reasonable for P.O. John Does 1-5 to believe their actions did not violate the plaintiff's federal and state law rights.

74. In each instance, P.O. John Does 1-5 acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

75. As a result of P.O. John Does 1-5's unlawful conduct, Mr. Girbes-Pierce suffered loss of liberty, physical pain and suffering (past, present, and future),

emotional pain and suffering (past, present, and future), lost income, medical expenses, and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

76. Mr. Girbes-Pierce is entitled to an award of punitive damages to punish P.O. John Does 1-5 for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Thomas Girbes-Pierce hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE the plaintiff demands judgment against the defendants for:

    A.    A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

    B.    A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

    C.    An award of compensatory damages in an amount no less than $250,000 (against all defendants);

    D.    An award of punitive damages in an amount no less than $250,000 (against the defendant police officers);

    E.    An order imposing appropriate equitable remedies on the defendants;

    F.    Pre-judgment and post-judgment interest as allowed by law;

    G.    Attorney's fees, costs, and disbursements as allowed by law; and

    H.    All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated:    September 26, 2016
             New York, NY

                                            Respectfully submitted,

                                            *Steven M. Warshawsky*

                         By:    _____
                                   STEVEN M. WARSHAWSKY (SW 5431)
                                   The Warshawsky Law Firm
                                   Empire State Building
                                   350 Fifth Avenue, 59th Floor
                                   New York, NY  10118
                                   Tel:  (212) 601-1980
                                   Fax:  (212) 601-2610
                                   Email:  smw@warshawskylawfirm.com
                                   Website:  www.warshawskylawfirm.com

                                   *Attorney for Thomas Girbes-Pierce*